MARIE MIKE

Plaintiff-Appellee

vs.

RICHARD MIKE

Defendant-Appellant


Decided on January 24, 1978


Louis Denetsosie, Window Rock, Arizona, for Plaintiff-Appellee

Patricia Hall, Navajo Legal Aide and Defender Services, Window Rock, Arizona, for Defendant-Appellant

Before JOHN, Acting Chief Justice, BLUEHOUSE and WALTERS, Associate Justices


JOHN, Acting Chief Justice


On December 16, 1974, the District Court of the Navajo Nation at Chinle issued a decree of divorce between Richard and Marie Mike. At that time, the defendant was ordered to pay to the plaintiff $300.00 per month for child support for the parties' three minor children.

On April 14, 1977, the plaintiff filed a Petition for an Order to Show Cause alleging that the defendant had failed to pay child support for the period of June, 1975 through June, 1976. However,

-183-

the petition admitted that during that period the defendant had custody of two of the children. Therefore, the petition alleged that the defendant owed only $1,300.00 for the thirteen month period. In addition, the petition alleged that the defendant had made only partial payments for the period of June, 1976, to April, 1977, and that the defendant was in arrear a total of $2,000.00.

The petition for an Order to Show Cause was filed in the Window Rock Judicial District and an Order to Show Cause was issued on April 15, 1977.

The records of the Window Rock Distrct Court are incomplete and confusing. It appears that the case was rescheduled several times and was finally heard on July 20, 1977.

According to the order of July 25, 1977, two hearings had been postponed because the defendant had failed to obtain counsel.

At the hearing on July 20, 1977, the defendant again appeared without counsel and the Court proceeded to hear the case.

The order of July 25, 1977, ordered the defendant to pay his back child support over a four week period from August 3, 1977, to September 4, 1977. The total amount to be paid was $1,900.00. The Court further ordered the defendant to make all further child support payments as they came due.

On August 24, 1977, the defendant filed a Petition for a Stay of Execution with the District Court and Notice of Appeal and Request For A Trial De Novo with this Court.

The request for a Stay of Execution was denied by the District Court on September 28, 1977.

On September 30, 1977, a Motion for a Stay of Execution was filed with this Court and was granted on the same day.

Because the Window Rock District Court failed to make a record of its proceedings and because Mr. Denetsosie failed to file a motion or brief opposing the appeal within the proper time period, a trial de novo was granted.

The trial de novo was scheduled for November 14, 1977, but Mr. Denetsosie failed to appear. The Court summarily found Mr. Denetsosie in comtempt of court and fined him $180.00. The hearing was rescheduled for December 9, 1977, at which time the Court agreed to hear Mr. Denetsosie's Motion for Reconsideration of the Order of Contempt.

At the trial de novo on December 9, 1977, the following determinations were made by this Court:

In June, 1975, the plaintiff sent two of the children to the defendant by public transportation. The children were sent with three

days' notice to the defendant and despite the inconvenience and expense to him.

However, the defendant did agree to assume responsibility and custody for the two children and agreed that the third child would remain with the plaintiff.

This custody arrangement lasted for the thirteen month period of June, 1975 to June, 1976, at which time the plaintiff again assumed custody.

During the thirteen month period, the plaintiff neither asked for nor intimated that she expected child support payments.

Apparently, the defendant resumed child support payments in July, 1976.

From August, 1976 through November, 1976, the defendant paid only $800.00 of the $1,200.00 child support due, leaving a balance of $400.00 owing.

From January, 1977 through March, 1977, the defendant paid only $600.00 of the $900.00 due, leaving an amount of $300.00 due.

It is the opinion of this Court that the two parties entered into an implied agreement in June, 1975, to each assume financial responsibility for the children in their custody. This implied agreement

ended when the custody of the children was returned to the plaintiff.

Therefore, the defendant was under no financial obligation to pay child support in any amount form June, 1975 through June, 1976.

However, the defendant was obligated to pay child support once the custody of the children was returned to the plaintiff.

From the evidence presented, it is the opinion of this Court that the defendant owes the plaintiff $400.00 in back child support for the period August, 1976 through November, 1976, and $300.00 in back child support for the period of January, 1977 through March, 1977.

Therefore, the decision of the Window Rock District Court, entered on July 25, 1977, is REVERSED.

The defendant, Richard Mike, is ordered to pay the plaintiff, Marie Mike, $700.00.

The Stay of Execution, issued on September 20, 1977, is VACATED.

On the matter of Mr. Denetsosie's Motion for Reconsideration of the Order of Contempt, the Court is of the opinion that the excuse offered by Mr. Denetsosie for his failure to appear is poor. His absence seems to have been caused by poor law office practices and placement of personal matters above the interests of his clients.

Therefore, the Motion for Reconsideration of the Order of
Contempt is DENIED.

BLUEHOUSE, Associate Justice, and WALTERS, Associate Justice,
concur.